IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT PETERS,<br><br>　　　Plaintiff,<br><br>v.<br><br>J.B. PRITZKER, LATOYA HUGHES, ANTHONY WILLS, FRANK LAWRENCE, JOLENE KUHNERT, JENNIFER BARKER, WEXFORD HEALTH SOURCES, INC., KANANBIR SANDHU, DAVID EILAND, WYSHNYTZKY, MILLER, NORTEN, JANE DOE #1, C. RUNGE, SERGEANT AIKENS, LIEUTENANT PURDY, ANGELA CRAIN, MAJOR BERNEIZ, OFFICER WALKER, JOHN DOE #1, BRUNLEE, BRIDGES, LIEUTENANT CALEWINE, CARRIAGE, KWAME RAOUL, and JEREMIAH BROWN,<br><br>　　　Defendants. | Case No. 25-cv-1759-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Scott Peters, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while at Menard Correctional Center.

This matter is before the Court on several motions filed by Peters in response to the Court's Order denying his motions for temporary restraining order (Doc. 6). Peters

filed a Motion to Stay and Objection (Doc. 7), as well as an Objection (Doc. 9) to the Order. Peters also filed a Motion for Leave to File a Motion to Alter/Amend (Doc. 10).

## BACKGROUND

Peters filed his original Complaint alleging various constitutional violations that he experienced while incarcerated at Menard Correctional Center in October 2023 (Doc. 1). Along with his Complaint, Peters filed a motion for leave to proceed *in forma pauperis* (Doc. 4) and two motions for temporary restraining order and/or preliminary injunction (Docs. 2 and 3). Peters argued that high-ranking officials at IDOC caused systematic failures and/or policies that resulted in the failure to provide constitutionally adequate medical and dental care to Peters. He sought an order for constitutionally adequate care. The Court denied the motions because Peters failed to demonstrate a likelihood of success on the merits and that he was facing irreparable harm (Doc. 6).

The Complaint in this case focused on dental care that Peters received in October 2023, as well as a disciplinary ticket he received and his placement in segregation after the dental procedure (Doc. 6, p. 6). Those incidents took place while he was at Menard Correctional Center. But Peters was no longer at Menard; he was, and still currently is, housed at Lawrence Correctional Center. His motions failed to indicate the current state of his dental condition or provide any details regarding his current care (*Id.*). Peters alleged that numerous high-ranking officials were involved in creating the unconstitutional policies that led to his inadequate dental care, seeming to suggest that those policies were currently impacting his dental care at Lawrence. But again, Peters failed to expound on the dental care he had received since arriving at Lawrence. As to

2

whether he was facing irreparable harm, Peters merely stated that he continued to suffer cruel and unusual punishment. Because Peters failed to demonstrate that he was entitled to injunctive relief, his motion was denied (Doc. 6).

In response to the Court's Order, Peters first filed a motion to stay and objection (Doc. 7). Peters indicated that his claims regarding his current access to dental care at Lawrence were premature because he had not yet exhausted those claims pursuant to 42 U.S.C. §1997e(a). He requested to stay his request for an injunction until his claims could be better developed (*Id*. at p. 1).

Peters later filed a motion to extend the time for filing a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) asking that his motion be accepted by the Court (Doc. 10). With that motion he filed an "objection" to the Court's order denying his request for injunctive relief (Doc. 9). Peters asked the Court to document his objection and reconsider its decision as premature because the Court chose not to hold a hearing or obtain briefing from Defendants (*Id*.). Peters argued that the high-ranking officials identified in his Complaint had a policy or practice of "diffused responsibility" and a "policy of inaction" that caused constitutional deprivations. Peters further argued that there was a systemic failure of the healthcare system at IDOC which impacted care at all prisons, including Menard and Lawrence (*Id*. at p. 3).

As an example, Peters pointed to a practice of what he labels "diffused responsibility," providing an example of a doctor prescribing an inmate a medication with an end date and that doctor leaving or failing to renew the medication for several days after the expiration of the medication (*Id*. at pp. 3-4). Peters argued that such delays

cause inmates injury and even death. Peters noted that he recently was subjected to this practice when his PTSD medications were delayed (*Id*. at p. 4). Peters further argued that his request for injunctive relief was proper, despite his transfer to another prison, because he alleged unconstitutional policies and practices of high-ranking officials that led to delays in his care (*Id*.). Peters pointed to injuries he suffered while in the military, including degenerative spinal damage, issues with his vision, and mental health issues that are ongoing (*Id*. at p. 5). Peters acknowledged that his Complaint focused on his dental care but argued that his request for injunctive relief was for all care (*Id*.).

## DISCUSSION

As to the motion to reconsider, "whether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the substance of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006)). Nevertheless, a motion to reconsider filed more than 28 days after entry of the challenged order "automatically becomes a Rule 60(b) motion." *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994) (citing *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992)). Peters requests that the Court consider his motion outside of the 28 days because of delays in receiving the Court's Order and in accessing legal materials to draft a response.

A motion to alter or amend judgment filed pursuant to Rule 59(e) may only be granted if a movant shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Cincinnati Life Ins.*

4

*Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 589 (7th Cir. 2012)). "'[M]anifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted).

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Rule 60(b) relief is "an extraordinary remedy and is granted only in exceptional circumstances." *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). It is also not an appropriate vehicle for rehashing old arguments or for presenting arguments that should have been raised before the court made its decision. *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000).

Although Peters asked to consider his motion as an untimely motion to reconsider pursuant to Rule 59(e) (Doc. 10), he labeled his actual motion as an "objection" to the dismissal of his request for injunctive relief (Doc. 9). In any event, his motion fails under either the Rule 59(e) or Rule 60(b) standard. Peters appears to merely take umbrage with the Court's decision to deny his request. His mere dissatisfaction with the Court's Order is not a basis for reconsideration. He also fails to offer any newly discovered evidence.

Instead, Peters argues that because he alleged high-ranking officials had policies and practices that impact care at all prisons, he should be able to seek injunctive relief for his current care at Lawrence Correctional Center. But, as the Court previously pointed out in denying his motions for injunctive relief, the Complaint in this case focuses on dental care Peters received at Menard in 2023. Although he alleges that certain policies and practices led to the care he received, his Complaint does not focus on the current care he is receiving at Lawrence. Nor did it appear to focus on all medical care he received at Menard and Lawrence for PTSD and degenerative spinal issues. A request for a preliminary injunction must be "tailored to the claims" in the Complaint. *Tatum v. Hunter*, Case No. 23-2253, 2024 WL 3177132, at *1 (7th Cir. April 2, 2024). Here, the Complaint is about dental and ADA claims, but Peters seeks injunctive relief for all medical care, including his mental health and degenerative conditions. These are additional claims not related to the claims in his lawsuit.

Further, his motions were previously denied because Peters failed to offer any evidence regarding his current care at Lawrence. In his "objection," he presented the Court with a hypothetical about access to medications. Although Peters noted that he "recently" experienced issues with his PTSD medications, he cited to another of his cases in this district, *Peters v. Rauner, et al.*, Case No. 20-cv-00689-DWD (filed July 14, 2020). In that case, Peters alleged that his benzodiazepines were improperly discontinued in 2018. Case No. 20-cv-00689-DWD (Doc. 197, p. 2). But Peters has offered no evidence about his current access to medications, medical care, or dental care at Lawrence. In fact, a subsequent motion for temporary restraining order filed by Peters was denied because

he failed to describe his current conditions and actions of officials as it relates to his need for care for those conditions (Doc. 16). Thus, he failed to demonstrate a likelihood of success on the merits and his motions for injunctive relief were properly denied.

## CONCLUSION

For the reasons set forth above, Peters's motions and objections to reconsider the denial of his request for injunctive relief (Docs. 7, 10) are **DENIED**.

**IT IS SO ORDERED.**

**DATED: February 23, 2026**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**